# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-20-00105-JD ) |
| CHRISTA LYNN GLASS, | ) ) ) |
| Defendant. | ) |

- and -

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-20-00109-JD ) |
| MICHAEL KERRY KENDRICK, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court are the Unopposed Motions to Abate or Stay Restitution by the United States of America [Doc. No. 61 in *United States v. Glass*, Case No. CR-20-00105-JD ("*Glass*") and Doc. No. 63 in *United States v. Kendrick*, Case No. CR-20-00109-JD ("*Kendrick*")] (together, the "Motions"). The United States seeks to continue the combined restitution hearing currently set for May 28, 2021, at 10:00 a.m., to allow the Court of Appeals for the Tenth Circuit to provide additional guidance on how to interpret and apply the causation standard applicable to 18 U.S.C. §§ 1593 and 2259. The United

States asks that the briefing and notice deadlines be tolled, with a new briefing schedule to be set after the Tenth Circuit issues its decision in *United States v. Anthony*, Tenth Circuit Case Number 21-6015. Neither defense counsel nor the Court-appointed guardian ad litem opposes the requested relief. Motions at 1.

Generally, the Court must order restitution within 90 days after sentencing. 18 U.S.C. § 3664(d)(5). The Court conducted a telephonic status conference regarding the Motions on May 21, 2021. *See* [Doc. No. 63 in *Glass*] and [Doc. No. 65 in *Kendrick*]. In that conference, counsel for all parties reaffirmed their support for the Court granting the Motions on efficiency and equity grounds, and contended that continuances would be consistent with the principles announced in *Dolan v. United States*, 560 U.S. 605, 608 (2010) (restitution hearings can be held after the 90-day deadline where "the sentencing court made clear prior to the deadline's expiration that it would order restitution").

The 90-day deadlines in these cases have not yet expired. The deadlines are June 1, 2021, for *Glass* and July 2, 2021, for *Kendrick*, applying Federal Rule of Criminal Procedure 45(a)(1) to the 90-day deadline in 18 U.S.C. § 3664(d)(5). Additionally, it was clear in these cases before the 90-day deadlines that the Court would order restitution and that is further clarified in this Order. That restitution is mandatory in these cases is indicated in:

- The plea agreements in both cases, [Doc. No. 25 at 3 in *Glass*] and [Doc. No. 30 at 3 in *Kendrick*].
- The Final Presentence Investigation Reports in both cases, [Doc. No. 34 ¶¶ 8, 177,

178 in *Glass*] and [Doc. No. 42 ¶¶ 9, 161, 162 in *Kendrick*].

- The Court's Sentencing Courtroom Minute Sheets from the sentencing hearings in both cases, [Doc. No. 51 at 1 in *Glass* ("Defendant ordered to make restitution in the amount of $ TBD.")] and [Doc. No. 51 at 1 in *Kendrick* ("Defendant ordered to make restitution in the amount of $ TBD.")].

- The Judgments in both cases, wherein the determination of restitution is deferred until the hearing, [Doc. No. 53 in *Glass*] and [Doc. No. 54 in *Kendrick*].

- 18 U.S.C. § 3663A; 18 U.S.C. § 1593; 18 U.S.C. § 2259; and U.S.S.G. § 5E1.1.

Unlike *Dolan*, however, the Court did not "miss" the 90-day deadline in 18 U.S.C. § 3664(d)(5). Rather, the government filed the Motions and the Court is entering this Order before the expiration of the 90-day deadlines. *See Dolan*, 560 U.S. at 609, 611 ("[t]here is no doubt in this case that the court missed the 90–day statutory deadline," which was "its own fault or that of the Government"). Mr. Dolan's plea agreement is also different—it stated that the court "may" order restitution, *id*. at 608, not that the Court must order the payment of restitution to any victims of the offense, as the plea agreements in these cases provide. *See* [Doc. No. 25 at 3 in *Glass*] and [Doc. No. 30 at 3 in *Kendrick*]. Finally, Mr. Dolan's counsel specifically argued at the restitution hearing that the court lost authority to order restitution as a result of the untimeliness; here, the requested continuance of the restitution hearing to allow time for the Tenth Circuit to provide clarification is unopposed. *See* Motions at 1.

Having considered the record in these cases and the overlap between the

restitution question before this Court and the question in *Anthony,* the Court finds that there is need for additional guidance from the Tenth Circuit on the calculation of restitution in these cases. As stated above, the Court has provided notice to Defendants that mandatory restitution will be ordered, and the deadline in 18 U.S.C. § 3664(d)(5) provides no jurisdictional bar to a later determination of restitution. *See Dolan*, 560 U.S. at 611 (90-day deadline in 18 U.S.C. § 3664(d)(5) is a deadline that "seeks speed by creating a time-related directive that is legally enforceable but does not deprive a judge or other public official of the power to take the action to which the deadline applies if the deadline is missed").

    Accordingly, the Court grants the Motions [Doc. No. 61 in *Glass* and Doc. No. 63 in *Kendrick*], abates the current deadlines regarding restitution filings, and strikes the combined restitution hearing set for May 28, 2021. The Court directs the United States to file a written joint status report advising the Court of any developments in *United States v. Anthony*, Tenth Circuit Case Number 21-6015 within seven days after any opinion is issued by the Tenth Circuit in that case. The United States shall confer with defense counsel and the guardian ad litem about the impact of the Tenth Circuit's decision in *Anthony* prior to filing the joint status report and shall make efforts with defense counsel to determine timing for the reset restitution hearing based on whether the defendants will appear by video-teleconference or seek to attend the hearing in person. Finally, the Court advises the parties of its expectation that counsel will promptly bring to the Court's attention any actual or impending developments or circumstances that would, as a result

of the continuance of the restitution hearing in both matters, jeopardize either Ms. Glass's or Mr. Kendrick's constitutional or statutory rights.

    IT IS SO ORDERED this 26th day of May 2021.

*[signature]*
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE