IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CR-20-00105-JD |
| | ) |
| CHRISTA LYNN GLASS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Christa Lynn Glass's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines ("Motion") [Doc. No. 89]. The United States responded in opposition [Doc. No. 96], and the United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 91]. For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction. Amendment 821 does not have the effect of lowering Ms. Glass's applicable guideline range, and thus, no reduction is authorized.

**I.    BACKGROUND**

On June 17, 2020, Ms. Glass entered a plea of guilty to the one-count Information charging her with Conspiracy to Commit Child Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 1594(c). [Doc. Nos. 20, 23–28]. On January 13, 2021, the United States Probation Office filed the Final Presentence Investigation Report ("PSR"). [Doc. No. 34]. The PSR calculated Ms. Glass's total offense level at 33 with a total

criminal history score of 18 and a criminal history category of VI. PSR at ¶¶ 67, 94. As correctly noted by Ms. Glass, Ms. Glass was assessed an additional two "status points" because she committed the instant offense while under a criminal justice sentence imposed by the Pottawatomie County District Court. *See id.* at ¶¶ 90, 93. Based on a total offense level of 33 and a criminal history category of VI, Ms. Glass's advisory guideline range for imprisonment was 235 months to 293 months. *See id.* at ¶ 151. At the sentencing hearing held on March 1, 2021, the Court adopted the PSR without change. [Doc. No. 54 at 1]. The Court sentenced Ms. Glass to a term of imprisonment of 180 months. Judgment at 2 [Doc. No. 53].

Ms. Glass asks the Court to reduce her sentence based on Amendment 821 to the United States Sentencing Guidelines because she was assessed two additional criminal history points ("status points"). Motion at 1, 3.

## II.   DISCUSSION

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). At step two, the district court considers whether such reduction "'is warranted in whole or in part'" based on the applicable § 3553(a) factors and policy statements. *See id.* Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

If a retroactive amendment to the guidelines "does not have the effect of lowering the defendant's applicable guideline range," a reduction in the defendant's sentence is inconsistent with the Sentencing Commission's policy statements and not authorized by

3

§ 3582(c)(2). USSG § 1B1.10(a)(2)(B). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with [the Commission's] policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10, cmt. n.1(A).

Based on the Court's review of the parties' submissions and the USPO's Preliminary Report, the Court finds that Ms. Glass is not eligible for a sentence reduction under Part A of Amendment 821. Relevant here, under Part A, the defendant's "status points" are decreased by one if the defendant has seven or more criminal history points, and the defendant's "status points" are eliminated if the defendant has six or fewer criminal history points. *See* USSG Suppl. to App. C, Amend. 821 (Part A). Applying Part A of Amendment 821, Ms. Glass's "status points" would be decreased by one, resulting in a criminal history score of 17, which still corresponds to a criminal history category of VI. Consequently, Ms. Glass would still have a total offense level of 33 and a criminal history category of VI, resulting in the same advisory guideline imprisonment range she was originally assessed—235 months to 293 months. PSR at ¶ 151.

Because application of Part A of Amendment 821 concerning "status points" does not have the effect of lowering Ms. Glass's applicable guideline range, a reduction of her sentence would be inconsistent with the Sentencing Commission's policy statement in § 1B1.10(a)(2)(B) and unauthorized under § 3582(c)(2). Thus, this Court lacks jurisdiction under § 3582(c)(2) to modify Ms. Glass's sentence and dismisses the Motion.

*See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).[1]

### III.  CONCLUSION

Accordingly, Defendant Christa Lynn Glass's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines [Doc. No. 89] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 6th day of May 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court nevertheless acknowledges the programs Ms. Glass has completed in the Bureau of Prisons and the letter she submitted in support of her Motion, and commends her efforts. *See* [Doc. No. 89 at 3; Doc. No. 89-1].